PER CURIAM.
Defendants, hereinafter referred to as county, appeal from the entry of a final decree enjoining them from preventing ap-pellee from conducting a valet parking business on county property at the Miami Seaport.
The county operates the Miami Seaport. It has previously contracted with appellee, whereby appellee was permitted to pick up, store and then deliver automobiles to persons departing and returning via Miami Seaport. The county then solicited competitive bids for this contract. Appellee was one of the unsuccessful bidders. As a result, the county revoked the prior contract with appellee and awarded a non-exclusive contract for the valet parking concession at Miami Seaport to a third party.
Appellee instituted this action to enjoin the county from preventing it [Bonded] from continuing to carry on this business even after the termination of the contract.
The determination of this appeal turns upon the interpretation of the non-exclusive contract granted by the County to ap-pellee’s competitor.
Appellee’s brief contains the following statement:
“ * * * [I]t was readily conceded by counsel for appellee that if the [c]ounty chose to grant an exclusive franchise * * * that there would be no right to solicit business on the [Miami] Seaport docks.”
Appellee’s position is in conformity with the applicable law in regard to the county’s right to exercise proprietary control over the Miami Seaport.[1]
Appellee’s contention that non-exclusive contract means that any third party may enter the premises for the purpose of interfering with the contract, is without support.[2] The non-exclusivity of the contract is between the contracting parties and no one else. If the county had chosen so to do, it might have permitted another firm to compete with the contract licensee. This does not mean that the County may not, if it so desires, protect the exclusivity of the Miami Seaport for the successful competitive bidder.[3]
The county is not aiding in the establishment of a monopoly, in fact, the county has attempted to increase competition. The competition was in the privilege accorded to all who wished to submit sealed bids. The fact that the appellee was not as competitive as the successful bidder does not entitle appellees to make this contract valueless.
Accordingly we hold that it was error for the circuit court to enter a decree restricting the appellant from preventing appellee from conducting its business on county property. The decree appealed from is reversed.
Reversed.

.North American Co. v. Bird, Fla.1952, 61 So.2d 198; Miami Beach Airline Service v. Crandon, 159 Fla. 504, 82 So.2d 153, 172 A.L.R. 1425.

. Appellee has referred the court to no authority in support of this proposition, and we can find none.

. Green v. Ivey, 45 Fla. 338, 33 So. 711.