CHARLES CARROLL, Chief Judge.
The Dade County Commission, as and constituting the Dade County Port Author *146 ity, sued the appellant and others, seeking and on final hearing obtaining against appellant a permanent injunction. The final decree dismissed the defendants other than the appellant.
The injunction entered was as follows:
******
“2. That the defendant OLIN’S MIAMI RENT-A-CAR, INC., a Florida corporation, its officers, agents and employees, be and the same are hereby permanently enjoined and restrained from paging any person, firm or corporation over the public address system in the Terminal Building at Miami International Airport.
“3. That the defendant OLIN’S MIAMI RENT-A-CAR, INC., is hereby permanently enjoined and restrained from advertising or displaying the name “Olin’s” in any manner whatsoever while upon the premises of Miami International Airport.”
The record discloses that Olin’s, Inc. formerly had a contract with the Port Authority to operate thereon as a rental car agency; that later its contract was terminated, and Olin’s, Inc. contracted with the Port Authority not to so operate; that the appellant Olin’s Miami Rent-A-Car, Inc.' is a successor or alter ego of Olin’s, Inc., formed for the purpose of avoiding a restriction of the last mentioned contract; that it, the Port Authority, had made contracts with Avis Rent-A-Car System, Inc., The Hertz Corporation, and Morse Auto Rentals, Inc., granting to those three companies the right to handle rental car business on the airport to the exclusion of all other rental car companies; and that appellant was doing business at the airport in violation of the Olin’s, Inc. contract.[1] It was brought out that appellant maintained a rental car business location outside the airport grounds; that in order to fulfill car rental contracts or requests made by or for appellant with passengers at their places of departure and prior to their arrival in Miami, an agent of appellant would go to the airport to meet such incoming passengers, to transport them from the airport to appellant’s place of business and thus furnish them with a rental car; that the agents of appellant so using the airport would carry a button or other insignia indicating appellant’s business, and would make use of the public address system to contact and locate such incoming passenger-customers.
On this appeal by Olin’s Miami Rent-A-Car, Inc. from the injunction, it is contended on behalf of the appellant (1) that the complaint failed to state a cause of action against appellant and that the trial court erred in denying appellant’s motion to dismiss; (2) that the injunction affected rights of Olin’s Rent-A-Car System, Inc. which was a party defendant but was *147 dismissed on final hearing; (3) that the order operates to enjoin the airline companies from such use by them of the public address system at the airport, without their having been made parties to the suit; and (4) that the three rental car companies enjoying a monopoly under contract with the Port Authority were indispensable parties.
On consideration thereof in the light of the record and briefs we find no reversible error, and affirm. The complaint was based on a contract, breach of which was alleged, and the appellant was alleged to be bound by the contract as coming within its inclusionary provision of “successors or assigns, subsidiaries.” The record supports the trial judge’s conclusion inherent in his order or decree, that the last mentioned allegation was established. We must agree with the conclusion of the trial judge, also inherent in the order, that the actions of the appellant, through its agents, were in violation of provisions of the contract as referred to above,[2] and were in conflict with the exclusive rights given by the Port Authority to three other companies.
The appellant’s contention that by restraining the appellant and its agents from paging persons (for such purposes) over the public address system in the Terminal Building at the Miami International Airport, the court has also restrained the airlines from such use of the public address system without their having been joined as parties defendant, is without merit. The injunction is directed against only the appellant and its officers, agents and employees. It is not directed to or against the airlines. Therefore, as they were not parties, the injunction is not to be construed as applying to the airline companies or enforceable against them if they should so use the public address system upon a routine request or as an accommodation to appellant to page an arriving passenger, as they would or might do for any other person, provided that in so doing they are not acting as a contractual agent of the appellant.
The validity of the injunction is not affected by the failure to join the three car rental companies to which the Port Authority had granted monopoly contracts. Cf. Boyd v. Bonded Garages, Inc., Fla.App.1964, 160 So.2d 724. And we must reject the contention of the appellant that the Port Authority may not prohibit appellant from engaging in car rental business on the airport, by giving exclusive rights therefor to one or more car rental companies, because of a provision of Federal law which appellant cites, viz: section 1349(a) of 49 U.S.C.A. That section forbids the grant of an exclusive right for use of airport facilities when the airport has enjoyed the aid of Federal funds for its establishment, construction or maintenance. If the provision is violated by an agency operating such an airport, conceivably that could result in some penalty or sanction being imposed against it by the Federal government, but it would not constitute a ground for reversal in this cause inasmuch as the Supreme Court of Florida has approved the granting by the Port Authority of monopolistic contracts such as those which have been made by the Port Authority with the Avis, Hertz and Morse car rental companies. See Miami Beach Airline Service, Inc. v. Crandon, 159 Fla. 504, 32 So.2d 153, 172 A.L.R. *148 1425; North American Co. v. Bird, Fla.1952, 61 So.2d 198.
The position taken by the appellant that it is a corporation independent of Olin’s, Inc., which contracted not to do car rental business at the Miami Airport Terminal, and that it is not a successor, as-signee or subsidiary of Olin’s Inc., even if established on the record, would not entitle appellant to prevail here. This is so because when, as here, the Port Authority has contracted with certain rental car companies and, with legal sanction, thereby has given them the exclusive right to conduct car rental business at the Airport Terminal, the Port Authority can prevent, and in a proper case may enjoin, other such companies from actions such as were enjoined here, without the need for any contract by the latter not to so act. See Boyd v. Bonded Garages, Inc., supra.
For the foregoing reasons the decree or order appealed from is affirmed.
Affirmed.

. The contract which it was charged the appellant was violating contained the following provisions : “Olin’s [Olin’s, Inc.], its successors or assigns, subsidiaries, officers, agents, servants or employees, shall not solicit, transact, conduct, or engage in the rental car business upon the premises of the Miami International Airport or any other airport controlled by the Dade County Port Authority, included within the contracts between the parties during the term of said contract, including the options therein provided, in the event said option is exercised by any present similar lessee, their successors or any successor to the rights presently enjoyed by Olin’s, and specifically shall not deliver or attempt to deliver any rental car to any person upon the aforesaid premises, regardless of prior reservations or other commitments.
“In the event the contracts hereinbefore mentioned be let for bid, or negotiation, Olin’s shall not bid, negotiate, or contract for any such contract or rights upon the premises of Miami International Airport or any other Airport controlled by the Dade County Port Authority, included within the contracts between the parties during the term of said contract, including the options therein provided, in the event said option is exercised by any present similar lessee, their successors or any successor to the rights presently enjoyed by Olin’s.”

. The brief of the appellant at page 15 states: '‘The final dcree appealed from enjoined appellant, as sole defendant, from using the public address system in the Miami Airport, by paging incoming passengers and from displaying the name “Olin’s” on the premises of said Airport. This was done by appellant under the franchise or license granted it by Olin’s Rent-A-Car System, Inc. (copy thereof in evidence — R. 61-71) to use its nationwide system and the name “Olin’s” under this system. The licensor, by advertisement, and contact with travel agencies, procured the persons paged by appellant as prospective lessees of cars and was paid for so doing. * * * ”